UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br> ) Case No. 1:20-CV-023<br>v. )<br> )<br>UNKNOWN HEIRS AND DEVISEES OF )<br>TERETHA HARRIS, DECEASED )<br> )<br>Defendant. | |

### *IN REM* COMPLAINT TO FORECLOSE MORTGAGE

Comes now the plaintiff, United States of America, by Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, and Sharon Jefferson, Assistant United States Attorney, for and on behalf of the U.S. Department of Housing and Urban Development (HUD), an agency of the United States government, and for its cause of action alleges as follows:

### JURISDICTION

1. This is an *in rem* action to foreclose a real estate mortgage held by the United States to recover indebtedness due under a note secured by the mortgage.

2. This Court has jurisdiction pursuant to 28 U.S.C. Section 1345 and venue is proper.

### COUNT I

3. Prior to her death, Teretha Harris was the owner of the following described real estate in Allen County, Indiana:

A space 50 feet by 100 feet South of Lot Number Three (3) in Fenkar's Addition, also the South 50 feet of Lot Number Two (2) in Fenkar's Addition, all in the City of Fort Wayne, Indiana (said 50 foot by 100 foot space being the parcel described in Deed Record 295 page 179 in the Office of the Recorder of said Allen County, Indiana.

Commonly known as: 1710 Lumbard Street, Fort Wayne, IN 46803
(Herein "real estate" or "property")

4. On or about May 28, 2010, Teretha Harris executed and a promissory note in the amount of $92,547.00. A copy of said note is attached hereto as Exhibit 1.

5. To secure payment of her obligations pursuant to said promissory note, defendant Teretha Harris, executed and delivered to plaintiff a home equity conversion mortgage (the "mortgage") and a second mortgage on the real estate. Copies of the mortgage and second mortgage are attached, incorporated by reference, and marked for identification as "Exhibit 2", and "Exhibit 3", respectively.

6. The note and mortgages are held by the United States.

7. Teretha Harris died a resident of Fort Wayne, Indiana on March 26, 2019.

8. Repayment of the debt evidenced by the note is in default. There is due $69,494.66 plus interest from September 18, 2017 to date of judgment, at the rate of $6.15 per day. In addition, the government may incur additional costs and expenses associated with the preservation and sale of the real property, which may become due and owing under the terms of the note and mortgage.

9. To Defendant's knowledge, no personal representative was appointed. Title vested in the heirs of Teretha Harris at her death. The unknown heirs and devisees are named as parties to answer as to their interest, if any, in the real estate. However, the heirs at law are unknown and service by publication is required.

WHEREFORE, plaintiff requests:

1. A judgment *in rem* against the property in the sum of $69,494.66, together with interest accruing from September 18, 2017, to date of judgment, at the rate of $6.15 per day;

2. An order declaring plaintiff's mortgages to be prior and paramount to the interests of all other parties;

3. An order foreclosing the equity of redemption of the heirs of Teretha Harris, and all persons claiming under or through her, in the real estate.

4. An order directing the sale of the property by the U.S. Marshal and payment of the proceeds thereof in satisfaction of plaintiff's judgment and with any then-remaining proceeds paid to the Clerk of the Court to be disposed of as the Court shall direct; and

5. That the plaintiff have such other and further relief as is just and proper.

                    Respectfully submitted,

                    THOMAS L. KIRSCH II
                    UNITED STATES ATTORNEY

                By:    s/ Sharon Jefferson
Sharon Jefferson
Assistant United States Attorney
United States Attorney's Office
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Tel: (219) 937-5500
Fax: (219) 852-2770
Email Address: Sharon.jefferson2@usdoj.gov

4

ADJUSTABLE RATE NOTE
(HOME EQUITY CONVERSION)

FHA Case No. 151-7724558-952/255
0204090070

NOVEMBER 15, 2004

1710 LUMBARD STREET, FORT WAYNE, INDIANA 46803
[Property Address]

**1. DEFINITIONS**
"Borrower" means each person signing at the end of this Note. "Lender" means CUSTOM MORTGAGE, INC.
and its successors and assigns. "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

**2. BORROWER'S PROMISE TO PAY; INTEREST**
In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated NOVEMBER 15, 2004 ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advanced by Lender, plus interest, if not paid earlier, are due and payable on JUNE 28, 2079. Interest will be charged on unpaid principal at the rate of THREE AND 850/1000 percent ( 3.8500 %) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

**3. PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**
  (A) Time
    Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment in full, as provided in Paragraph 7 of this Note.
  (B) Place
    Payment shall be made at CUSTOM MORTGAGE, INC.,

1712 NORTH MERIDIAN STREET, STE 300,
INDIANAPOLIS, INDIANA 46202
, or any such other place as Lender may designate in writing by notice to Borrower.
  (C) Limitation of Liability
    Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

**5. INTEREST RATE CHANGES**
  (A) Change Date
    The interest rate may change on the first day of FEBRUARY, 2005, and on ☐ that day of each succeeding year ☒ the first day of each succeeding month. "Change Date" means each date on which the interest rate could change.
  (B) The Index
    Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. "Current Index" means the most recent Index figure available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.
  (C) Calculation of Interest Rate Changes
    Before each Change Date, Lender will calculate a new interest rate by adding a margin of ONE AND 500/1000 percentage points ( 1.50000 %) to the Current Index. Subject to the limits stated in Paragraph 5(D) of this Note, this amount will be the new interest rate until the next Change Date.
  (D) Limits on Interest Rate Changes
    ☐ The interest rate will never increase or decrease by more than two percentage points (2.0%) on any single Change Date. The interest rate will never be more than five percentage points (5.0%) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.
    ☒ The interest rate will never increase above THIRTEEN AND 850/1000 percent ( 13.85000 %).
  (E) Notice of Changes
    Lender will give notice to Borrower of any change in the interest rate. The notice must be given at least 25 days before the new interest rate takes effect, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the Current Index and the date it was published, (vi) the method of calculating the adjusted interest rate, and (vii) any other information which may be required by law from time to time.

30XA : 06/04                Page 1 of 3

Exhibit 1

**(F) Effective Date of Changes**

A new interest rate calculated in accordance with paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date, unless the Change Date occurs less than 25 days after Lender has given the required notice. If the interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note decreased, but Lender failed to give timely notice of the decrease and applied a higher rate than the rate which should have been stated in a timely notice, then Lender shall recalculate the principal balance owed under this Note so it does not reflect any excessive interest.

**6. BORROWER'S RIGHT TO PREPAY**

A Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 11 of this Note and then to reduce the principal balance of this Note.

All prepayments of the principal balance shall be applied by Lender as follows:

<u>First</u>, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

<u>Second</u>, to that portion of the principal balance representing aggregate payments for servicing fees;

<u>Third</u>, to that portion of the principal balance representing accrued interest due under the Note; and

<u>Fourth</u>, to the remaining portion of the principal balance. A Borrower may specify whether a prepayment is to be credited to that portion of the principal balance representing monthly payments or the line of credit. If Borrower does not designate which portion of the principal balance is to be prepaid, Lender shall apply any partial prepayments to an existing line of credit or create a new line of credit.

**7. IMMEDIATE PAYMENT IN FULL**

**(A) Death or Sale**

Lender may require immediate payment in full of all outstanding principal and accrued interest if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or

(ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property).

**(B) Other Grounds**

Lender may require immediate payment in full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

(ii) For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under the Security Instrument is not performed.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorneys' fees, associated with enforcement of this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**(D) Trusts**

Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

**8. WAIVERS**

Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**9. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**10. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

**11. RELATIONSHIP TO SECOND NOTE**

**(A) Second Note**

Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

**(B) Relationship of Secretary Payments to this Note**

Payments made by the Secretary shall not be included in the debt due under this Note unless:

(i) This Note is assigned to the Secretary; or

(ii) The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

31XA : 08/97                               Page 2 of 3

Exhibit 1

**(C) Effect on Borrower**

Where there is no assignment or reimbursement as described in (B)(i) or (ii), and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under this Note until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note held by the Secretary, notwithstanding anything to the contrary in Paragraph 7 of this Note; or

(ii) Be obligated to pay interest or shared appreciation under this Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance of this Note, notwithstanding anything to the contrary in Paragraphs 2 or 5 of this Note or any Allonge to this Note.

**12. SHARED APPRECIATION**

If Borrower has executed a Shared Appreciation Allonge, the covenants of the Allonge shall be incorporated into and supplement the covenants of this Note as if the Allonge were a part of this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
TERETHA HARRIS                   -Borrower

_____ (Seal)
                                 -Borrower

Pay to the order of
Financial Freedom Senior Funding Corporation,
A Subsidiary of IndyMac Bank, FSB
without recourse

By: _____
    Suzette Johnson, VP
    Custom Mortgage, Inc

All right, title and interest of the undersigned to the within credit instrument is hereby assigned to the Secretary of Housing and Urban Development of Washington, D.C., his/her successor and assigns. Financial Freedom, a division of OneWest Bank N.A.

_____ Vice President

PAY TO THE ORDER OF
_____
WITHOUT RECOURSE
FINANCIAL FREEDOM SENIOR
FUNDING CORPORATION
A SUBSIDIARY OF
INDY MAC BANK, F.S.B.

_____
Aimee MacMahon
Asst. Vice President

32XA : 11/96                                Page 3 of 3

**Exhibit 1**

1204088645

RECORDED
12/13/2004 08:25:57
RECORDER
PATRICIA J CRICK
ALLEN COUNTY, IN

Doc. No.     204088645
Receipt No.    40408

DEED           3.00
MTG           22.00
Total         25.00

RECORD AND RETURN TO:
CUSTOM MORTGAGE, INC.
1712 NORTH MERIDIAN STREET, STE 300
INDIANAPOLIS, INDIANA 46202

———————————— [Space Above This Line For Recording Data] ————————————

State of Indiana                                FHA Case No. 151-7724558-952/255
                                                              0204090070

# ADJUSTABLE RATE
# HOME EQUITY CONVERSION MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on NOVEMBER 15, 2004. The mortgagor is
TERETHA HARRIS

whose address is 1710 LUMBARD STREET,
FORT WAYNE, INDIANA 46803                                                            ("Borrower").
This Security Instrument is given to
CUSTOM MORTGAGE, INC.
                                                                     , which is
organized and existing under the laws of THE STATE OF INDIANA        , and whose address is
1712 NORTH MERIDIAN STREET, STE 300, INDIANAPOLIS, INDIANA 46202
                                        ("Lender"). Borrower has agreed to repay to Lender
amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity
Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement
to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest at a rate subject
to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of
EIGHTY TWO THOUSAND FIVE HUNDRED AND 00/100------------------------------------
------------------------------------------------------------------------------
(U.S. $   82,500.00      ); (b) the payment of all other sums, with interest, advanced under Paragraph 5 to
protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and
(c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The
full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on
JUNE 28         , 2079 . For this purpose, Borrower does hereby mortgage, grant and convey to Lender the
following described property located in   ALLEN                  County, Indiana:

06XC : 01/97                          Page 1 of 8

Exhibit 2

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of 1710 LUMBARD STREET
[Street]
FORT WAYNE, INDIANA 46803 ("Property Address");
[City] [State] [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

2. **Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

3. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and to Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be

00XA 02/02 Page 2 of 8

TH

Exhibit 2

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]
☐ Condominium Rider  ☐ Shared Appreciation Rider  ☐ Planned Unit Development Rider
☐ Other (Specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Teretha Harris_ (Seal)
TERETHA HARRIS  -Borrower

_____ (Seal)
-Borrower

------- [Space Below This Line For Acknowledgment] -------

STATE OF INDIANA                                    ALLEN COUNTY SS:
On this 15TH day of NOVEMBER, 2004, before me, the undersigned, a Notary Public in and for said County, personally appeared
TERETHA HARRIS

and acknowledged the execution of the foregoing instrument.
WITNESS my hand and official seal.
My commission expires: 6-15-09
                                              Notary Public

This instrument was prepared by: JANE RENOLLET
_Jane Renollet_  CUSTOM MORTGAGE, INC
1712 N. MERIDIAN
INDIANAPOLIS, IN 46202

ERIC R. FLORES
Allen County
My Commission Expires
June 18, 2009

03XC : 06/97                              Page 8 of 8

Exhibit 2

A space 50 feet by 100 feet South of Lot Number Three (3) in Fenkar's Addition, also the South 50 feet of Lot Number Two (2) in Fenkar's Addition, all in the City of Fort Wayne, Indiana (said 50 foot by 100 foot space being the parcel described in Deed Record 295 page 179 in the Office of the Recorder of said Allen County, Indiana

**Exhibit 2**

#204088647
RECORDED
12/15/2004 08:25:59
RECORDER
PATRICIA J CRICK
ALLEN COUNTY, IN

Doc. No. 204088647
Receipt No. 40408

DFD    3.00
MTG    22.00
Total   25.00

RECORD AND RETURN TO:
CUSTOM MORTGAGE, INC.
1712 NORTH MERIDIAN STREET, STE 300
INDIANAPOLIS, INDIANA 46202

------------------------[Space Above This Line For Recording Data]------------------------

State of Indiana                FHA Case No. 151-7724558-952/255
                                                               0204090070

## ADJUSTABLE RATE
## HOME EQUITY CONVERSION SECOND MORTGAGE

THIS MORTGAGE ("Security Instrument" or "Second Security Instrument") is given on NOVEMBER 15, 2004 . The mortgagor is
TERETHA HARRIS

whose address is 1710 LUMBARD STREET,
FORT WAYNE, INDIANA 46803                           ("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, whose address is 451 Seventh Street, S.W., Washington, DC 20410 ("Lender" or "Secretary"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Second Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Second Note, with interest, at a rate subject to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of
EIGHTY TWO THOUSAND FIVE HUNDRED AND 00/100 -------------------------------------------
-------------------------------------------
(U.S. $ 82,500.00      ); (b) the payment of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Second Note. The full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on JUNE 28         , 2079 . For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in   ALLEN              County, Indiana:

04 XC : 01/97                        Page 1 of 8

*TH*

25

Exhibit 3

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of 1710 LUMBARD STREET
(Street)
FORT WAYNE , INDIANA 46803 ("Property Address");
(City) (State) [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is only encumbered by a First Security Instrument given by Borrower and dated the same date as this Security Instrument ("First Security Instrument"). Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Second Note.

2. **Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement. Lender may require Borrower to pay specified property charges directly to the party owed payment even though Lender pays other property charges as provided in this Paragraph.

3. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's

19XA 09/07 Page 2 of 8

Exhibit 3

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

☐ Condominium Rider    ☐ Shared Appreciation Rider    ☐ Planned Unit Development Rider
☐ Other (Specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Teretha Harris_ (Seal)
TERETHA HARRIS            -Borrower

_____ (Seal)
                         -Borrower

---[Space Below This Line For Acknowledgement]---

STATE OF INDIANA                         ALLEN COUNTY SS:
On this 15TH day of NOVEMBER, 2004, before me, the undersigned, a Notary Public in and for said County, personally appeared
TERETHA HARRIS

and acknowledged the execution of the foregoing instrument.
WITNESS my hand and official seal.

My commission expires: 6-18-05
                            Notary Public

This instrument was prepared by: JANE RENOLLET
                                 CUSTOM MORTGAGE, INC
                                 1012 N. MERIDIAN
                                 INDIANAPOLIS, IN 46202

ERIC R. FLORES
Allen County
My Commission Expires
June 18, 2009

07XC : 06/97                     Page 8 of 8

Exhibit 3

A space 50 feet by 100 feet South of Lot Number Three (3) in Fenkar's Addition, also the South 50 feet of Lot Number Two (2) in Fenkar's Addition, all in the City of Fort Wayne, Indiana (said 50 foot by 100 foot space being the parcel described in Deed Record 295 page 179 in the Office of the Recorder of said Allen County, Indiana

**Exhibit 3**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| United States of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-CV-023 |
| UNKNOWN HEIRS AND DEVISEES TERETHA HARRIS, DECEASED | ) |
| *Defendant* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* UNKNOWN HEIRS AND DEVISEES
TERETHA HARRIS, DECEASED
1710 Lumbard Street
Fort Wayne, IN 46803

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Sharon Jefferson
Assistant United States Attorney
United States Attorney's Office
5400 Federal Plaza, Suite 1500
Hammond, IN 46320

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:20-CV-023

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: